IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAMARCUS MURICE CRENSHAW, ) <br> AIS # 247753, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANGIE BAGGETT, et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 2:17-CV-631-MHT |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTON**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Lamarcus Murice Crenshaw, an indigent state inmate. In the instant complaint, Crenshaw challenges the constitutionality of actions arising from his classification as a restricted offender. Crenshaw seeks only "injunctive relief to remove the restrictive status from being my classification code." Doc. No. 1 at 4.

Pursuant to the orders of this court, the defendants filed a special report supported by relevant evidentiary materials, including affidavits, in which they address the claims for relief presented by Crenshaw. The evidentiary materials demonstrate that the defendants have determined that Crenshaw is due to be removed from restricted offender status. Doc. No. 11-1, Doc. No. 11-2 and Doc. No. 11-3. The defendants therefore ague this case should be dismissed as moot since the plaintiff has received the requested relief. Doc. No. 11 at 3.

In light of the foregoing, the court issued an order directing Crenshaw to file a response to the arguments set forth in the defendants' written report. Doc. No. 12. The order advised Crenshaw that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. (emphasis in original). The time allotted Crenshaw for filing a response in compliance with the directives of this order expired on January 12, 2018. Crenshaw has failed to file a requisite response in opposition to the defendant's written report. The court therefore concludes that this case should be dismissed as moot.

## II. DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times during the pendency of a case. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In cases where the only relief requested is injunctive in nature, events which occur subsequent to the filing of the complaint can render the matter moot. *National Black Police Assoc. v. District of Columbia,* 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." The mootness doctrine derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). "Put another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."); *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987) ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome of the litigation, such as where . . . interim relief or events have eradicated the effects of the alleged violation."); *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

When actions occur subsequent to the filing of a lawsuit whereby the plaintiff obtains the requested relief, then the case is moot and must be dismissed. *See, e.g., Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam). In such instances, dismissal is required because mootness is jurisdictional. *See Florida Ass'n of Rehab. Facilities,* 225 F.3d at 1227 n.14 ("The question of mootness is . . . one which a federal court must resolve

before it assumes jurisdiction [over the merits of a complaint]."). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id*. at 1217 (citing *Hall*, 396 U.S.at 48, 90 S.Ct. at 201-02.

Crenshaw has received the relief requested from this court in that the defendants have determined he is not subject to classification as a restricted offender and are in the process of removing or have removed him from restricted offender status. The court finds that there is no reasonable expectation or demonstrated probability that Crenshaw will return to this custody classification during his present term of confinement. Under the circumstances of this case, the request for injunctive relief, the only relief sought by Crenshaw, is moot. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (holding that past exposure to potential illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice as moot.

It is further ORDERED that on or before February 12, 2018 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be

considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 25th day of January, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE